LÓPEZ, PETICIONARIO Y APELANTE, *v.* EL PUEBLO, OPOSITOR Y
APELADO.

APELACIÓN procedente de la Corte de Distrito de Arecibo,
en pleito sobre información posesoria.

No. 1794.—Resuelto en junio 27, 1918.

EXPEDIENTE POSESORIO—INSCRIPCIÓN PREVIA A NOMBRE DEL CAUSANTE—CERTIFI-
CACIÓN DEL PAGO DE CONTRIBUCIONES.—Cuando fallece un poseedor sin tener
inscritos sus bienes, puede el heredero incoar un expediente posesorio con el
fin de inscribir los bienes pertenecientes a la herencia a nombre de su cau-
sante primero, y luego a nombre del heredero, ambos procedimientos, desde
luego, después de acreditar debidamente lo que exige la ley. Sin embargo,
una certificación del pago de contribuciones por la viuda del difunto, veinte
años después del fallecimiento, sobre una finca distinta de mayor extensión
sin prueba alguna de que ésta comprende la de que se trata, no está con-
forme con la teoría de tal procedimiento, ni es bastante para obtener la
resolución que se persigue.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Manuel Paz, Adrián Agosto
y José Martínez Dávila.*

Abogados del apelado: *Sres. Salvador Mestre, Fiscal, y
José Aponte, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

La orden contra la cual se ha interpuesto el presente
recurso de apelación dice como sigue:

"En este caso Juan Francisco de Jesús López solicita se apruebe
la información de la finca rústica que se describe en la solicitud, a
favor de su padre Bernabé de Jesús Villegas, hasta el día 7 de
noviembre de 1896, en que falleció.

"El derecho que concede el artículo 398 de la Ley Hipotecaria, es
para inscribir el de posesión del promovente, y la información ha
de referirse al hecho de posesión de los bienes en nombre propio,
por el que premueve el expediente, artículo 390 y 391 de la Ley
Hipotecaria, y en este caso el promovente no alega su posesión de
hecho, ni anterior ni actualmente, refiriéndose a una posesión de su
padre de hace veinte y un años.

"La certificación que se acompaña corresponde al año económico
de 1916 a 1917, y aparece a nombre de una Francisca López y se
refiere a una finca de 18 cuerdas de terreno, siendo de 7 cuerdas

solamente la que es objeto del expediente, no identificándose por tanto ésta.

"No se justifica con certificación alguna que Bernabé de Jesús Villegas, pagara contribución alguna a título de dueño de ninguna finca; faltando por tanto el requisito 4 del artículo 391 de la referida Ley Hipotecaria.

"Por otra parte, la información de los dos testigos es contradictoria en cuanto a la adquisición y posesión, por un tal Bernabé de Jesús, de la finca, y el juramento de la solicitud es defectuoso.

"El fiscal dictaminó oponiéndose a la aprobación del expediente, y la corte, de acuerdo con lo dictaminado por el ministerio público, y por los fundamentos expuestos,

"Declara no haber lugar a la aprobación de la información practicada en este expediente."

El apelante insiste en que la corte de distrito erró en primer término, al interpretar los artículos 390 y 391 de la Ley Hipotecaria; segundo, al declarar que la finca de 7 cuerdas no fué identificada como parte de la parcela de terreno de mayor extensión sobre las que se pagaron las contribuciones; tercero, al exigir prueba del pago de las contribuciones por Bernabé de Jesús; cuarto, al estimar la existencia de un conflicto de prueba; y quinto, al enmendar la orden recurrida después de habérsele notificado al apelante.

El primer señalamiento de error está muy bien fundado. Odriozola, 541, 542; 4 Galindo (3ª. edición) 726; Resoluciones de la Dirección General de los Registros de España de 11, 24 y 29 de enero de 1864. Cuando fallece un poseedor sin tener inscritos sus bienes, puede el heredero incoar un expediente posesorio con el fin de inscribir los bienes pertenecientes a la herencia a nombre de su causante primero, y luego a nombre del heredero, ambos procedimientos, desde luego, después de acreditar debidamente lo que exige la ley.

El apelante en apoyo del segundo señalamiento de error descansa sobre la solicitud jurada más bien que sobre la prueba, pero el *affidavit* del peticionario es tan vago que carece de significación. Por supuesto el defecto del juramento pudo haberse subsanado mediante enmienda al efecto aun-

que no queremos dar a entender que esto haya de obligar al juez sentenciador a aceptar cualquier alegación de la solicitud como un hecho probado sin prueba ulterior alguna.

El tercer error apuntado no existe. El apelante promovió el expediente para justificar la posesión por parte de su causante Bernabé de Jesús y para comprobar el pago de contribuciones presentó una certificación en la que aparece Francisca López pagando los dos semestres de 1916 a 1917 por valor de $15.10 repartidos sobre una finca de 18 cuerdas radicada en el barrio "Islote" del Municipio de Arecibo Esa certificación no está conforme con la teoría de que parte la solicitud y no es bastante para obtener la resolución que se persigue para los fines de la inscripción de la finca a favor de Bernabé de Jesús, que falleció en 1896.

En cuanto al cuarto error, un mero conflicto de pruebas es importante sólo en tanto cuanto deje la misma de satisfacer a la corte sentenciadora. Uno de los testigos se pronunció con ciertas incertidumbres respecto a fechas y al período durante el cual Bernabé de Jesús estuvo en posesión con anterioridad a su fallecimiento, pero en cuanto al hecho de la posesión por dos años o más según se alega en la solicitud no parece que haya habido serio conflicto alguno.

El entrelíneas impugnado, aunque no lo especifica el apelante, parece haber consistido en la adición de las palabras "y el juramento de la solicitud es defectuoso," que aparecen al final del antepenúltimo párrafo de la resolución supra citada. La enmienda, si es que en realidad se hizo después de haberse notificado de la sentencia al abogado del peticionario, sólo añade otra razón a la acción tomada por la corte y no modifica la parte dispositiva de la orden. Transcurrieron veinte días antes de radicarse el escrito de apelación, y no aparece la fecha de la supuesta enmienda. No se ha demostrado que haya habido perjuicio alguno y la irregularidad, si es que existió, fué inofensiva.

Dadas las circunstancias del caso la sentencia debe ser confirmada sin perjuicio de que pueda promoverse nueva-

mente la información para justificar debidamente la posesión que se trata de inscribir.

> *Confirmada la sentencia apelada sin perjuicio de que pueda promoverse nuevamente la información para justificar debidamente la posesión que se trata de inscribir.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.