JOSEFA RODRÍGUEZ COLLADO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 808.—*Sometido:* Abril 23, 1930. *Resuelto:* Mayo 5, 1930.

*L. López de Victoria,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Josefa Rodríguez Collado, viuda de Eugenio Muñoz Rodríguez, fallecido el año 1911, por sí y en nombre de dos nietos menores de edad nombrados Gilberto y Carmen Muñoz y Muñoz, de 14 y 12 años de edad, respectivamente, hijos de Ofelia Muñoz Rodríguez, promovió en una corte municipal información para justificar la posesión en que ella y sus nietos están a título de dueños de una finca de 4½ cuerdas valorada en $240, por la que los promoventes pagan $4.32 por contribución al Tesoro ·Insular; alegando que Eugenio Muñoz Rodríguez compró en 1910· durante su matrimonio con Josefa Rodríguez Collado la expresada finca. La corte municipal aprobó la información posesoria y ordenó su inscripción en el registro, apareciendo de esa resolución que la promovente alegó también que dichos menores son huérfanos de padre y madre, y que el único de los abuelos de ellos que vive es Josefa Rodríguez Collado.

El Registrador de la Propiedad de San Germán se negó a inscribir la posesión de esa finca haciendo constar sus

motivos en una extensa nota, que pueden resumirse así:

Primero: Porque cuando fallece un poseedor sin tener inscritos sus bienes, los herederos deben inscribir previamente dichos bienes a nombre de su causante y luego a nombre de los herederos cuando resulta de la prueba presentada que el causante venía pagando contribuciones por la finca objeto del posesorio;

Segundo: Porque la abuela representa a sus nietos sin haber presentado en la corte evidencia alguna, ni en el registro documento alguno complementario justificativo del fallecimiento de los padres de dichos menores ni de su abuelo paterno, no pudiendo admitirse como un hecho cierto, histórico y jurídico el fallecimiento de los padres y del abuelo por el simple dicho de la abuela de los mismos, como herederos del causante, que falleció, y que ellos son herederos de aquél, pues los testigos que declararon en la información se concretaron al extremo de la posesión y de su duración.

Tercero: Porque no se justifica con certificación alguna que los promoventes paguen contribución a título de dueños de la finca de que se trata, citando la regla 3ª. del artículo 391 de la Ley Hipotecaria. Esa negativa es objeto de este recurso gubernativo.

I. Los artículos 390 y 391 de la Ley Hipotecaria autorizan a las personas que están en posesión de bienes inmuebles para promover información judicial con el fin de obtener un título inscribible de posesión cuando carecen de título escrito inscribible, por lo que los recurrentes han podido promover la información para justificar su posesión. Es cierto que en el caso de *López* v. *El Pueblo,* 26 D.P.R. 475, en el cual un hijo promovió información posesoria para que fuera inscrita la finca a nombre de su padre fallecido, se declaró, citando a Odriozola 541, 542, a Galindo (3ra. ed.) 726, y las resoluciones de la Dirección General de los Registros de España de 11, 24 y 29 de enero de 1864, que cuando fallece un poseedor sin tener inscrito sus bienes puede el heredero incoar un expediente posesorio con el fin de inscribir

los bienes pertenecientes a la herencia a nombre de su causante primero, y luego a nombre del heredero; pero tal declaración se limita a reconocer el derecho de hacerlo así para poder inscribir el título hereditario y no excluye el derecho de los actuales poseedores para inscribir a su nombre. La facultad de inscribir el hecho actual de la posesión corresponde a todos los que posean fincas, cualquiera que sea su origen jurídico. Resolución de la Dirección General de los Registros de España de 29 de octubre de 1878. Aunque un interesado tenga en su abono un título hereditario, esto no lo inhabilita para obtener una inscripción posesoria. Resoluciones de los Registros de España de 23 de febrero, 1886, y de 21 de marzo, 1889. En el caso de *Rodríguez* v. *El Registrador,* 15 D.P.R. 667, se declaró que no existe precepto legal alguno que obligue a hacer la inscripción de la finca primeramente a nombre del causante para luego inscribirla a nombre de los herederos.

■ II. Según la resolución de la corte municipal los dos testigos que comparecieron contrajeron sus declaraciones al hecho de la posesión en concepto de dueños de los peticionarios y al tiempo de su duración, y no aparece que se presentara prueba alguna respecto a que los padres de los dos menores, en cuyo nombre comparece la abuela, hayan muerto y que también haya fallecido la abuela paterna, para justificar que la abuela materna tenga por la ley la representación de ellos en los tribunales; pero la falta de esa prueba sólo constituye un defecto subsanable que no impide la inscripción, ya que pueden presentarse al registrador para subsanarla los documentos creditivos de esas defunciones.

■ III. En la resolución de la corte se dice que los promoventes pagan contribución de $4.32 anuales por la finca objeto del posesorio, según se acreditó por certificación del Tesorero de Puerto Rico, que fué ofrecida en evidencia y que está unida a las diligencias del caso, aunque dicha' certificación está a nombre del causante Eugenio Muñoz.

Como hemos visto los peticionarios en este caso son la viuda y dos nietos de Eugenio Muñoz, y en el caso de *Rodríguez* v. *El Registrador, supra,* resolvió este tribunal la cuestión suscitada ahora por el registrador declarando que cuando la finca está amillarada a nombre del causante no puede decirse que lo está a nombre de persona distinta de la viuda y los hijos que promovieron el expediente posesorio. Además, también se declaró en ese caso que de existir tal defecto sería subsanable y no impediría la inscripción.

La negativa del registrador contiene también la consignación de un defecto subsanable que no impugnan los recurrentes.

*La nota recurrida debe ser revocada y ordenarse la inscripción con el defecto consignado por el registrador, no discutido, y también con el de la misma clase de no haberse acreditado que la abuela tenga la representación legal de sus nietos en este caso.*